**William Rodger STARNES, Petitioner-Appellant**

v.

**T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.**

No. 14810.

United States Court of Appeals Seventh Circuit.

March 31, 1965.

William E. Plane, Indianapolis, Ind., William Rodger Starnes, Terre Haute, Ind., Cadick, Burns, Duck & Neighbours, Indianapolis, Ind., of counsel, for petitioner-appellant.

Richard P. Stein, U. S. Atty., Charles S. White, Robert W. Geddes, Asst. U. S. Attys., Southern District of Indiana, Indianapolis, Ind., for respondent-appellee.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Petitioner-appellant, William Rodger Starnes, is in the custody of respondent-appellee, T. Wade Markley, Warden, U. S. Penitentiary, Terre Haute, Indiana. Petitioner has appealed to this Court from a judgment of the United States District Court denying his application for a writ of habeas corpus.

On his plea of guilty to a three-count information charging him with armed robbery, felonious entry of a bank, and taking money with intent to steal it, petitioner was sentenced, in March, 1957, to serve a term of 15 years.

He was released on parole in May, 1962, and paroled to the Eastern District of Texas.

On August 14, 1963, a warrant issued for his arrest on an allegation of parole violation. On September 12, 1963, petitioner was arrested at Cincinnati, Ohio, and delivered to the custody of the U. S. Marshal for the Southern District of Ohio, at Cincinnati.

On the same day, petitioner had a conversation in the Marshal's office with a U. S. Probation Officer, at which time, he admitted that he had been a fugitive "on the run" traveling in violation of his parole from coast to coast, financing himself by writing insufficient funds checks, and that he then had in his possession in a suitcase in his motel room closet, a .25 calibre automatic weapon. At the habeas corpus hearing petitioner testified that he had made these statements and that they were true.

On September 19, 1963, petitioner was placed in the federal penitentiary at Terre Haute, where on September 26, 1963, at an interview with a caseworker or parole officer he was informed of the parole violations charged. He admitted two of them. He was also told of his right to retain counsel and to present voluntary witnesses at a hearing before a member of the Parole Board. Petitioner waived these privileges, but he states that were the hearing in Beaumont, Texas, where some of the alleged violations occurred, he could have secured an attorney and witnesses. From the testimony at the habeas corpus hearing it appeared that these witnesses would have shown mitigating circumstances but would not have controverted violation of parole.

At the hearing on October 20, 1963, in Terre Haute, petitioner admitted some of the charges and denied others. The Board Member holding the hearing did not permit petitioner to tell him all the details indicating that the time was too

short to allow that. Petitioner did write lengthy letters to the Board and to his Probation Officer setting out those details. He also testified to these details at the habeas corpus hearing, after which the District Court nevertheless concluded that petitioner had had a fair hearing. The hearing on October 20, 1963, complied with the rules of the U. S. Board of Parole then in effect. Petitioner argues that there was an undue delay in amending those rules to conform to the ruling in Hyser v. Reed, 1963, 115 U.S. App.D.C. 254, 318 F.2d 225, on which petitioner relies.

The Board ordered the parole revoked December 3, 1963.

 Petitioner contends that he was not accorded the rights to which alleged parole violators are entitled under the rules laid down in Hyser v. Reed, in that (1) the arrest warrant did not contain a statement of the reasons for seeking parole revocation to enable petitioner to meet and answer them; and (2) petitioner was denied a preliminary interview before a designee of the Board at a place reasonably close to the place where the alleged parole violation occurred [1] at which he would be entitled to be represented by retained counsel and to present the testimony of voluntary witnesses in his behalf.

Petitioner contends that the infirmities in the procedure followed here require that he be released from custody.

In Hyser v. Reed, the Court in considering the varying posture of the several applicants stated (at page 246):

> "Those who have not denied the charged violation of parole or any whose parole was revoked because of a criminal conviction would not now be benefited by a hearing which is designed specifically to make a record only in cases where the fact of violation is controverted."

This Court recently in Richardson v. Markley, 1965, 7 Cir., 339 F.2d 967, decided adversely to the petitioner similar arguments advanced by an admitted parole violator.

The decision of the District Court is affirmed.

This Court wishes to express its gratitude to Mr. William E. Plane of the Indiana bar, who, as Court-appointed counsel, represented the petitioner in his appeal with marked skill and diligence.

Affirmed.

---

1. The place of arrest and of the first interview was also the location of some of the admitted parole violations.