**James F. O'CALLAHAN, Petitioner, Appellant,**

**v.**

**The ATTORNEY GENERAL OF the UNITED STATES, Respondent, Appellee.**

**No. 6559.**

United States Court of Appeals First Circuit.

Submitted Sept. 13, 1965.

Decided Oct. 1, 1965.

James F. O'Callahan on brief, pro se.

W. Arthur Garrity, Jr., U. S. Atty., and Murray H. Falk, Asst. U. S. Atty., on brief, for appellee.

Before ALDRICH, Chief Judge, J. WARREN MADDEN, Judge of the Court of Claims * and JULIAN, District Judge.

PER CURIAM.

This proceeding is, in measure, a continuation of the matter referred to in our earlier opinion, O'Callahan v. Attorney General, 1 Cir., 1964, 338 F.2d 989, cert. den. 381 U.S. 926, 85 S.Ct. 1563, 14 L.Ed.2d 685, in which O'Callahan, a parole violator, unsuccessfully sought to compel the respondent to regard his parole time prior to violation of parole conditions as time served under sentence. In this court O'Callahan vigorously contests the ruling of the court below that the prior decision is presently binding

upon him. We may assume, without deciding, that he is correct in this. Rather, we deal with his principal point, namely, that 18 U.S.C. § 4205,[1] which denies him credit for parole time, is unconstitutional.

Essentially petitioner's contention is that because in Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 2d 285, the Supreme Court held that a prisoner on parole was in technical "custody" for the purpose of filing a petition for habeas corpus, section 4205's sandwiching of the parole time between the imprisonment prior to parole and imprisonment after conviction of a violation, without affording credit therefor unconstitutionally increased his sentence, or imposed a cruel and unusual punishment. The Supreme Court has not considered this question. Those circuits which have done so have resolved it in favor of the government. See Van Buskirk v. Wilkinson, 9 Cir., 1954, 216 F.2d 735, and cases cited. We concur. It is not unreasonable for Congress to conclude that the Parole Board should retain this amount of authority over a parolee in order for parole to be effective. Parole is a matter of grace. Correspondingly, a prisoner is under no compulsion to accept it. Even if, as he says, petitioner chose to accept parole without realizing the statutory consequences of a violation, there was no infringement of any constitutional right. Petitioner accepted the parole "custody" in the hope[2] that it would discharge the balance of his prison sentence. Had he not violated the conditions it would have done so. The Constitution does not require that he have it both ways.

Affirmed.

---

* By designation.

1. "§ 4205. *Retaking parole violator under warrant; time to serve undiminished*

A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

2. Petitioner points out that he had some 2000 days, prospectively, of parole to serve, and 12 conditions to observe each day, and suggests that it was a vain hope. The argument that he bases on this is not impressive.