**Franklin CASTILLO, Relator-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 308, Docket 31947.**

United States Court of Appeals
Second Circuit.

Submitted Jan. 25, 1968.

Decided March 11, 1968.

Louis N. Forman, New York City, for relator-appellant.

Jack Kaplan and Pierre N. Leval, Asst. U. S. Attys., and Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, on the brief, for respondent-appellee.

Before MEDINA, MOORE and ANDERSON, Circuit Judges.

MEDINA, Circuit Judge:

Franklin Castillo appeals from an order of the United States District Court for the Southern District of New York, Mansfield, J., which denied his application to set aside a sentence imposed upon

him as a parole violator. On April 27, 1962, appellant was convicted of violating 21 U.S.C. Sections 173, 174, and sentenced to a mandatory term of imprisonment of five years. After being given a mandatory release pursuant to 18 U.S.C. Section 4163 on October 7, 1965, appellant was arrested again on September 13, 1966 and charged by New York State authorities with possession of narcotics and a hypodermic needle. A parole violation warrant was issued by the United States Board of Parole on October 10, 1966 but was not executed until April 28, 1967. During the interim period appellant was acquitted in a New York State court on the charge of possessing narcotics but convicted of possessing a hypodermic needle and sentenced to six months imprisonment. Following appellant's release from a New York State prison on January 11, 1967, he, by his own admission, "travelled to all parts of the country including * * * Puerto Rico." On July 12, 1967, appellant's mandatory release was revoked and he was ordered to serve the remainder of his original five year sentence.

■■■ On this appeal appellant contends that the parole violation warrant was defective since it was not executed within a reasonable time or within the time required by 18 U.S.C. Section 4164.[1] However, Judge Mansfield correctly held that the delay in execution of the warrant was reasonable, as appellant has admitted his widespread travels following his release from prison. Moreover, 18 U.S.C. Section 4164 contains no express requirement relating to the time in which a warrant must be executed. That section must be read in conjunction with 18 U.S.C. Section 4205,[2] see Buchanan v. Blackwell, 372 F.2d 451 (5th Cir. 1967); Taylor v. Godwin, 284 F.2d 116 (10th Cir. 1960), cert. denied 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961), which merely requires that a warrant be issued within an appropriate time period and makes no mention of execution. See Avellino v. United States, 330 F.2d 490 (2d Cir.), cert. denied 379 U.S. 922, 85 S.Ct. 280, 13 L.Ed.2d 336 (1964). In the instant case, the warrant, issued on October 10, 1966, was valid since it was obtained prior to the expiration of both appellant's "maximum term," 18 U.S.C. Section 4205, and his "maximum term * * * less one hundred and eighty days," 18 U.S.C. Section 4164.[3]

Affirmed.

1. 18 U.S.C. Section 4164. *Released prisoner as parolee*
   A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.
   This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody.

2. 18 U.S.C. Section 4205. *Retaking parole violator under warrant; time to serve undiminished*
   A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve.

3. We express no opinion as to the validity of a warrant issued subsequent to the expiration of the "maximum term * * * less one hundred and eighty days" but prior to the completion of the "maximum term." Compare Birch v. Anderson, 123 U.S.App.D.C. 153, 358 F.2d 520 (1965) with Schiffman v. Wilkinson, 216 F.2d 589 (9th Cir. 1954), cert. denied 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719 (1955).