Frederick K. MOORE, Petitioner-
Appellant,

v.

P. G. SMITH, Warden, U. S. Penitentiary,
Terre Haute, Indiana, et al.,
Respondents-Appellees.

No. 17246.

United States Court of Appeals
Seventh Circuit.

June 16, 1969.

Rehearing Denied July 14, 1969.

Frederick K. Moore, pro se.

K. Edwin Applegate, U. S. Atty., David L. Casterline, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before CUMMINGS and KERNER, Circuit Judges, and HOFFMAN, District Judge.[1]

CUMMINGS, Circuit Judge.

Petitioner's application for habeas corpus raises various questions concerning the validity, timeliness and efficacy of a mandatory release violator's warrant issued by the United States Board of Parole. In an unreported memorandum opinion, the district court held that petitioner was not entitled to relief and therefore granted the Government's motion for summary judgment. Petitioner's *pro se* appellate briefs evidence a thoughtful attempt to present the relevant judicial authorities in a complex area of statutory regulation. Unfortunately, the opposing brief has chosen not to meet the significant questions raised by this appeal.

On January 16, 1959, petitioner received consecutive 5- and 3-year sentences after pleading guilty to two counts of an indictment charging him with having conspired to transport counterfeit securities, in violation of 18 U.S.C. §§ 371 and 2314. In April 1964, after five years and three months' imprisonment, he was given a so-called "mandatory release" pursuant to 18 U.S.C. § 4163, thus making him the equivalent of a parolee under 18 U.S.C. § 4164.

On November 30, 1965, petitioner was arrested and arraigned before the United States Commissioner in Cleveland for violating 18 U.S.C. § 2314 by transporting counterfeit securities. Fourteen days after his arrest, a mandatory release violator's warrant was issued by the United States Board of Parole, commanding that the warrant be executed by taking petitioner into custody "until he has been afforded a preliminary interview with a person designated by the Board of Parole and until authorized to transport him as ordered." The reason given for the issuance of the warrant was that "reliable information has been presented to the undersigned Member of

---

1. Judge Hoffman is sitting by designation from the United States District Court for the Northern District of Illinois.

this Board that said prisoner named in this warrant has violated the conditions of release." According to its face, the warrant was received by the United States Marshal in Cleveland on December 15, 1965.

Early in January 1966, petitioner was released on bond for the November 1965 offense. He remained under the supervision of the local Parole Office until March 31, 1966, when a two-count indictment was returned and the bond raised and he was placed in the custody of the United States Marshal and detained in the Cuyahoga County jail in Cleveland. On October 31, 1966, petitioner pled guilty to violating 18 U.S.C. § 2314 and the general conspiracy provision (18 U.S.C. § 371), was sentenced to three-year concurrent sentences on these two counts and commenced serving those sentences. One day later, the district court found, the mandatory release violator's warrant was returned to the United States Board of Parole unexecuted.

The court also found that on February 6, 1967, the warrant was lodged as a detainer at the Federal Penitentiary at Terre Haute, Indiana, where petitioner was serving the 1966 sentences. According to his briefs in this Court, this was the first time that petitioner was informed that such a warrant had issued.[2] The warrant was executed on April 21, 1968, when petitioner's 1966 sentences expired. Petitioner thereupon commenced serving a new term of 1011 days under the 1959 sentences.[3] On June 4, 1968, after the customary hearing, his 1964 parole was revoked.

The district court held that where, as here, a mandatory release violator's warrant was issued because of a "parolee's" arrest for a crime, it need not contain a statement of the reasons for seeking parole violation. The court also held that the warrant was timely issued and that there was no undue delay in holding the parole revocation hearing. Since no factual matters were controverted, summary judgment was entered for the Government.

Petitioner asserts that the failure to execute the concededly timely issued warrant prior to the expiration of the 1966 sentences on April 21, 1968, deprived the Parole Board of jurisdiction over him by reason of the intervening expiration of the maximum term of his 1959 sentences. He alternatively asserts that the delay in execution of the warrant deprived him of due process by requiring him to serve the remainder of his 1959 sentences consecutively to the 1966 sentences. However, 18 U.S.C. § 4205 requires only that issuance take place within the maximum term of the sentence, and therefore the Courts of Appeals have uniformly held that as long as a mandatory release violator's warrant is issued prior to the expiration of the maximum sentence from which the violator was released under 18 U.S.C. § 4163, the execution of the warrant may take place after the expiration of the maximum sentence.[4] Here the war-

2. Apparently because of an ambiguous assertion on p. 3 of the habeas corpus petition, the district court found that petitioner first learned of the existence of the warrant "in February of 1968."

3. 18 U.S.C. § 4205 provides that a prisoner's unexpired term shall begin to run from the date he is returned to custody under a mandatory release violator's warrant. According to this statute, his time on parole does not diminish the time he was sentenced to serve.

4. See Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567, 570–571 (1967); Castillo v. United States, 391 F.2d 710 (2 Cir. 1968); Stockton v. Massey, 34 F.2d 96 (4th Cir. 1929); Tirado v. Blackwell, 379 F.2d 619 (5th Cir. 1967), certiorari denied, 390 U.S. 992, 88 S.Ct. 1186, 19 L.Ed.2d 1301; United States ex rel. Jacobs v. Barc, 141 F.2d 480 (6th Cir. 1944), certiorari denied, 322 U.S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581; Hash v. Henderson, 385 F.2d 475 (8th Cir. 1967); Schiffman v. Wilkinson, 216 F.2d 589 (9th Cir. 1954), certiorari denied, 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719; Robinson v. Willingham, 369 F.2d 688 (10th Cir. 1966). Consistently with these cases, the Parole Board, as here, may follow the procedure of lodg-

rant was issued on December 14, 1965, which was long prior to the July 19, 1966 date [5] on which petitioner contends his 1959 sentences expired.

Even if we were to agree that the period during which petitioner was free on bond pending disposition of the 1965 charges should be counted in determining whether the maximum term of his 1959 sentences had expired, it is clear that upon his return to the Cuyahoga County jail on March 31, 1966, he was incarcerated by reason of the intervening 1965 offense and not by reason of the violation of the terms of his release from the earlier sentences. The effect of such incarceration was to toll the running of the maximum term of the 1959 sentences. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399. This rule is reinforced by 18 U.S.C. § 4205, which makes clear that the unexpired term of imprisonment of a mandatory release violator runs from the date he is returned to the custody of the Attorney General "under said warrant." Here the petitioner was not deprived of his liberty by reason of the violator's warrant until the warrant was executed upon the expiration of the intervening prison term.

To avoid the thrust of the authorities collected in note 4, petitioner asserts that the delay in execution of the warrant constituted a waiver of jurisdiction or a confession that no violation had in fact occurred. He argues from this that summary judgment was im-

proper and that he is entitled to a hearing on this question of fact. But the settled administrative practice of lodging a warrant as a detainer following the conviction and commitment to prison for a crime committed while on release rather than interfering with the orderly procedure of trial by executing the violator's warrant, negatives any inference of intentional waiver or confession of error. It is fanciful to suppose that by allowing the suspected parole violation to ripen into a criminal conviction with all the safeguards such proceedings entail, the Parole Board can be held to have waived its authority to impose a penalty for violation of the terms of release. As Mr. Justice Black has noted:

> "Unless a parole violator can be required to serve some time sometime in addition to that imposed for an offense committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified." Zerbst v. Kidwell, 304 U.S. 359, 363, 58 S.Ct. 872, 874, 82 L.Ed. 1399.

The delay caused by the Board's preference for basing a parole revocation on a criminal conviction rather than on its own finding that a crime has been committed does not connote an admission that no ground existed for believing a violation had occurred prior to the issuance of the warrant.

Petitioner complains that the lack of notice of the existence of the

---

ing a detainer and executing the warrant after the expiration of the new sentence being served by the prisoner. See Mock v. United States Board of Parole, 345 F.2d 737, 739 (1965), and 28 C.F.R. §§ 2.37 and 2.38. Taylor v. Simpson, 292 F.2d 698 (10th Cir. 1961), on which petitioner relies, does not require early execution of the warrant.

5. This date accords with the petitioner's contention that by virtue of 18 U.S.C. § 4205, read in conjunction with 18 U.S.C. § 4164, the Board of Parole has no jurisdiction to issue a violator's warrant during the last 180 days of the mandatory release period. This view was accepted in

Birch v. Anderson, 123 U.S.App.D.C. 153, 120 U.S.App.D.C. 248, 358 F.2d 520 (1965), and rejected in Schiffman v. Wilkinson, 216 F.2d 589 (9th Cir. 1954), certiorari denied, 348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719. In view of the fact that the warrant in the present case was issued more than 180 days prior to the expiration of the maximum 1959 sentences and our holding that incarceration for the 1965 offense tolled the running of the period during which the warrant could be executed, we need not intimate any view on this conflict of authority. See Castillo v. United States, 391 F.2d 710, 711, note 3 (2d Cir. 1968).

warrant until February 1967 disabled him from bringing to the sentencing judge's attention the likelihood that he would be returned to prison to serve the balance of his prior sentence, thus foreclosing the judge from providing that the new sentence should run concurrently with the balance of the prior sentence. However, the Parole Board has sole authority to determine whether the balance of the prior sentence should be served as a penalty for the violation on release. Zerbst v. Kidwell, *supra*. It would thus be beyond the power of the district judge to revive the prior sentence and require that it be served concurrently with the new sentence. Tippitt v. Wood, 78 U.S.App.D.C. 332, 140 F.2d 689, 692 (1944); United States ex rel. Quinn v. Hunter, 162 F.2d 644, 648 (7th Cir. 1947). Nor does the Parole Board have any obligation to execute its warrant during the term of a subsequent sentence so as to make the two terms concurrent. Neal v. Hunter, 172 F.2d 660 (10th Cir. 1949).

It is true that the sentencing judge, if apprised of the pendency of the violator's warrant, could have chosen to shorten the new sentence to take account of the balance of the prior sentence remaining to be served. But since petitioner received a much shorter sentence for the same type of offense in 1966 than he had in 1959 and since the total sentence imposed in 1966 was only slightly longer than the 1011 days remaining to be served on the 1959 sentence, it seems highly unlikely that the sentencing judge could have been persuaded to reduce the length of the new sentence. Indeed, the record does not disclose whether the sentencing judge was even aware of the fact that this was petitioner's second offense, a fact which might have weighed against petitioner in the sentencing process rather than in his favor.

In any event, such questions of reduction of sentence were for the sentencing court rather than for court in which habeas corpus is sought. See Mock v. United States Board of Parole, 120 U.S.App.D.C. 248, 345 F.2d 737, 739 (1965). The record reveals no attempt by petitioner to bring the existence of the warrant to the attention of the sentencing court by way of a motion for reduction of sentence, and if such a motion was made, that would in itself undercut petitioner's claim of prejudice. In addition, the Regulations clearly provide that upon the lodging of a detainer the prisoner shall be advised that he may communicate with the Board relative to the disposition of the warrant. 28 C.F.R. § 2.37(c). In view of the pleas of guilty which petitioner entered to the 1965 charges, he is not in the position of the petitioners in Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963) (en banc), certiorari denied, Jamison v. Chappell, 375 U.S. 957, 84 S. Ct. 447, 11 L.Ed.2d 316, who were charged with unspecified parole violations other than crimes and complained of the absence of an opportunity to receive a hearing on the nature and truth of the charges before being returned to prison. Petitioner cannot sleep on his administrative remedies for fear that he has no case and then claim prejudice by reason of the passage of time. No claim is made here that upon execution of the warrant the Parole Board did not promptly convene a hearing on the revocation of petitioner's release.

Relying on Hyser v. Reed, 115 U.S. App.D.C. 254, 318 F.2d 225 (1963) (en banc), certiorari denied, Jamison v. Chappell, 375 U.S. 957, 84 S.Ct. 447, 11 L.Ed.2d 316, petitioner next argues that the warrant was invalid on its face for want of a specific statement of the facts which formed the basis for its issuance. Of course, as the district court noted, the obvious reason for the issuance of the warrant was petitioner's arrest two weeks beforehand for a fresh violation of the statute prohibiting transportation of counterfeit securities. Petitioner asserts that the validity of the warrant must be judged as of the time it was issued and cannot be sustained by reference to the fact that petitioner subsequently pled guilty to the crimes for

which he was arrested. This argument was rejected by this Court in Starnes v. Markley, 343 F.2d 535 (7th Cir. 1965), certiorari denied, 382 U.S. 908, 86 S.Ct. 246, 15 L.Ed.2d 160, where parole violations other than crimes were admitted by the petitioner after the warrant had been issued and executed. The Court noted that the requirement in Hyser v. Reed, that the warrant contain a statement of the basis for its issuance would not apply strictly to situations where the violations were admitted or evidenced by a criminal conviction. See Mock v. United States Board of Parole, 120 U.S.App. D.C. 248, 345 F.2d 737, 738 (1965).

█ We note the statement of Judge Burger in the *Hyser* case that in regard to the administrative warrants employed by the Parole Board "Congress evinced no intent to require precisely the same formalities and safeguards as to those contained in the Constitution for criminal arrests." 318 F.2d at 241. We hold only that in view of the facts that the warrant in the present case was lodged as a detainer after petitioner's guilty pleas and conviction for crimes committed while on release from his previous sentence and that the warrant was executed only after the expiration of the intervening sentence, petitioner sustained no prejudice by the failure of the warrant to name the intervening crime as the cause for issuance of a violator's warrant. On the special facts of this case we do not find prejudicial error in the deficiencies in the warrant, although it would seem that in the normal case due process would require (and the Parole Board would be well advised to insure) that a parolee, probationer, or mandatory releasee be given notice in the warrant of the nature of the alleged violation and of the "reliable information" upon which issuance of the warrant was based. See Hyser v. Reed, *supra*, at pp. 243, 245.

█ Petitioner's remaining contention that 18 U.S.C. § 4205 is unconstitutional insofar as it requires him to reserve the time spent on release was pre-

viously rejected by this Court in Dolan v. Swope, 138 F.2d 301 (7th Cir. 1943), and we see no reason or intervening change in the law requiring us to depart therefrom. See Weathers v. Willingham, 356 F.2d 421 (10th Cir. 1966); O'Callahan v. Attorney General of United States, 351 F.2d 43 (1st Cir. 1965) (per curiam), certiorari denied, 382 U.S. 1017, 86 S.Ct. 632, 15 L.Ed.2d 531.

Affirmed.