**James J. CANAVARI, Petitioner-Appellant,**

v.

**G. V. RICHARDSON, Respondent-Appellee.**

**No. 24314.**

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1969.

---

**1288**

James J. Canavari, in pro. per.

Eugene Kramer, Herbert M. Schoenberg, Frederick M. Brosio, Jr., Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant, a federal prisoner, takes this appeal from the denial of his petition for habeas corpus. He urges that the time he spent "in custody" but on parole must count as time served on his three year sentence.

As explained by the trial judge who heard the petition:

"In essence, petitioner's argument is that after revocation of parole and return to prison, he was entitled to have the time during which he was on parole credited against [his] sentence because while on parole he was in the constructive custody of the Attorney General."

Such a legal position is specifically contrary to congressional enactment. 18 U.S.C. § 4205:

"* * * and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

This court has rejected appellant's contention in Chandler v. Johnson, 133 F.2d 139, 142 (9th Cir. 1943), and Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954).

These cases not only reject appellant's contention—they also uphold the constitutionality of the statutory release on parole procedure quoted above. It is only when congressional enactment transcends constitutional limitations, such as the prohibition of cruel and unusual punishment, enactment of ex post facto laws, and the like, that such statutes can be held unconstitutional.

We affirm what we said in *Van Buskirk, supra:*

"When appellant was conditionally released, he became subject to all the provisions of law relating to parole, one of which was that if he violated his parole he should again be taken into custody and the time spent on parole should not diminish the time he was originally sentenced to serve." (p. 738)

Other courts, in an unbroken line of cases, have come to the same conclusion and have rejected appellant's claim.[1] We know of no cases to the contrary.

Appellant's reliance on Jones v. Cunningham, 371 U.S. 236, 242–243, 83 S. Ct. 373, 9 L.Ed.2d 285 (1963), is misplaced. It held only that a prisoner on parole was in technical 'custody' for the purpose of filing a petition for habeas corpus. It did not consider appellant's claim of unconstitutionality. As

1. First Circuit: O'Callahan v. Attorney General, 351 F.2d 43 at 44 (1965), cert. denied, 382 U.S. 1017, 86 S.Ct. 632, 15 L.Ed.2d 531
Fourth Circuit: O'Neal v. Fleming, 201 F.2d 665 (1953)
Hall v. Welch, 185 F.2d 525 (1950)
Fifth Circuit: Clark v. Blackwell, 374 F.2d 952 (1967)
Van Horn v. Maguire, 328 F.2d 585 (1964)
Seventh Circuit: Hodge v. Markley, 339 F.2d 973 (1965)
Dolan v. Swope, 138 F.2d 301 (1943)

Eighth Circuit: Higgerson v. Attorney General, 369 F.2d 398 (1966), cert. denied, 386 U.S. 1026, 87 S.Ct. 1386, 18 L.Ed.2d 468
Vorhees v. Cox, 140 F.2d 132 (1944)
Tenth Circuit: Postelwait v. Willingham, 365 F.2d 759 (1966)
Weathers v. Willingham, 356 F.2d 421 (1966)
Evans v. Hunter, 162 F.2d 800 (1947)
D.C. Circuit: Bates v. Rivers, 116 U.S. App.D.C. 306, 323 F.2d 311 (1963)

was said in O'Callahan v. Attorney General, 1 Cir., 351 F.2d 43 at 44 (1965):

"Petitioner accepted the parole 'custody' in the hope that it would discharge the balance of his prison sentence. Had he not violated the conditions it would have done so. The Constitution does not require that he have it both ways."

Affirmed.