Daniel Ray WILLIS, Petitioner-Appellant,

v.

Raymond W. MEIER, Warden, Respondent-Appellee.

No. 25345.

United States Court of Appeals, Ninth Circuit.

Dec. 7, 1970.

Daniel Ray Willis, in pro. per.

Stan Pitkin, U. S. Atty., Charles W. Billinghurst, Ass't U. S. Atty., Tacoma, Wash., for appellee.

Before BARNES, KOELSCH and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, a federal prisoner, contends that 18 U.S.C.A. § 4205, which provides that prisoners who violate their paroles serve the unexpired terms of their sentences without credit for the time on parole, subjects such prisoners to double punishment in violation of the guarantee against double jeopardy of the Fifth Amendment. Appellant is such a prisoner. The District Court ordered his petition for writ of habeas corpus dismissed. We affirm.

18 U.S.C. § 4205 reads as follows:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

This Court has held that Section 4205 does not subject parole violators to double jeopardy. Canavari v. Richardson, 419 F.2d 1287 (9th Cir. 1969); Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954).

Appellant contends that the position of this Court is patently in conflict with Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Appellant's theory is that, when he went back to prison following parole violation to finish serving the time on his original offense, he should have been given credit for the punishment already exacted (citing *Pearce*). While he was on parole, he was in custody (citing *Cunningham*). Any custody is punishment. Therefore, appellant urges he must be given credit for the time he was on parole, despite the specific language to the contrary in 18 U.S.C. § 4205.

Appellant's theory is unsound. The proposition that parole can be equated to punishment in prison for the purpose of the question under review is contrary to authority. This Court has said that *Cunningham* "held only that a prisoner on parole was in technical 'custody' for the purpose of filing a petition of habeas corpus." Canavari v. Richardson, *supra*, 419 F.2d at 1288. The Supreme Court has not equated a violated parole with incarceration but has analogized it to escape from prison during which the sentence does not run. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L. Ed. 247 (1923). This Court has adopted the analogy. Taylor v. Squier, 142 F. 2d 737 (9th Cir. 1944); cert. den. 323 U.S. 755, 65 S.Ct. 82, 89 L.Ed. 604; Rogoway v. Warden, 122 F.2d 967 (9th Cir. 1941), cert. den. 315 U.S. 808, 62 S.Ct. 797, 86 L.Ed. 528.

Reliance on North Carolina v. Pearce, *supra*, is also misplaced. That case involved the imposition of sentence at two different times. It held that the guarantee against double jeopardy requires that, in computing the sentence imposed upon a retrial, credit must be given for the time served under the vacated sentence. The facts under review are dis-

tinguishable. The time on parole and imprisonment following a violation of parole, without credit for the time on parole under the conditional release plan, are a part of the original sentence. Therefore, incarceration pursuant to the conditional release plan beyond the ostensible possible expiration date of a sentence does not constitute multiple punishment. Van Buskirk v. Wilkinson, *supra*.

Thus, *Pearce* is not controlling. There is no indication that the Supreme Court will disapprove of the distinction made above between *Pearce* and the case under review. The Supreme Court has expressed approval of the role Section 4205 plays in the correctional scheme although it has never passed on its constitutionality. Zerbst v. Kidwell, 304 U. S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938). There the Court noted the important role that imprisonment of a parole violator for his unexpired sentence plays in maintaining parole discipline and in encouraging the granting of paroles.

Affirmed.