Robert Merman X. **HARRIS**, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, United States Board of Parole, Myrl E. Alexander, Director, and G. V. Richardson, Warden, Respondents.**

Civ. No. 70–2875.

United States District Court,
C. D. California.

Jan. 28, 1971.

Robert Merman X. Harris, in pro per.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Carolyn M. Reynolds, Asst. U. S. Atty., for respondents.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF MANDAMUS

HAUK, District Judge.

Petitioner filed a Petition for Writ of Mandamus on September 19, 1969, in the United States District Court for the District of Columbia praying for a Writ ordering the release of petitioner from federal custody. Upon motion of the United States Attorney, this action was transferred to this Court pursuant to 28 U.S.C. § 1404(a).

Petitioner contends that he is being illegally held in custody in that his original 5 year sentence has been improperly extended by 2 years. The facts surrounding petitioner's conviction, sentencing and incarceration are fully disclosed in the Petition, the Answer and the affidavit of Carolyn M. Reynolds, Assistant United States Attorney, and they conclusively show that petitioner's contention is without merit. A brief statement of these facts may be helpful.

On November 25, 1964, petitioner was sentenced to 5 years imprisonment by the United States District Court, Eastern District of California for a violation of 18 U.S.C. § 495 (forging and uttering a United States Treasury check). This sentence was ordered to run consecutive to the state sentence he was then serving and, thus, he did not begin his federal sentence until March 18, 1965, when he was committed to the Federal Prison at Texarkana, Texas.

Petitioner was paroled on May 2, 1966, under 18 U.S.C. § 4203. At this time there remained to be served 1415 days of his five year sentence.

A Parole Violator Warrant was issued on April 18, 1968, under 18 U.S.C. § 4205 for absconding and failing to file his monthly reports to the probation officer.

Several months later, on August 15, 1968, petitioner was arrested when he was finally found in Miami, Florida. Whereupon, he was recommitted to Federal Prison at Texarkana, Texas, as a parole violator for the remainder of his term.

Since filing this Petition, petitioner has been reparoled. The expiration for his parole is now June 29, 1972.

Petitioner contends that the expiration date for his federal sentence should have been March 17, 1970,—five years after he began serving his five year sentence and that it was improper to have extended it past that date.

After reviewing the Petition, the points and authorities submitted by the parties and the affidavit of Assistant United States Attorney Robinson, this Court is fully advised in the premises and thus orders that Respondent's Motion for Dismissal be granted and that the Petition for Writ of Mandamus be denied.

Petitioner's 5 year sentence was "extended" by 18 U.S.C. § 4205 which provides:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

Petitioner was retaken into the custody of the Attorney General on August 15, 1968, at which time he had an unexpired term of 1415 days. Under the provisions of § 4205 the time served on parole did not serve to diminish his 5 year sentence and the new expiration date thereof was correctly set at June 29, 1972.

Section 4205 is constitutional. Willis v. Meier, 435 F.2d 852 (9th Cir. 1970); Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954).

Therefore, it is hereby ordered that the Petition for Writ of Mandamus be, and the same is, denied.