James C. COOKS, Petitioner-Appellant,

v.

U. S. BOARD OF PAROLE, WASHING-
TON, D. C., Respondent-Appellee.

No. 30859

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1971.

Rehearing Denied Sept. 9, 1971.

* [1] Rule 18, 5 Cir.; See Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York et al., 5 Cir. 1970, 431 F.2d
409, Part I.

James C. Cooks, pro se.

Robert W. Rust, U. S. Atty., Miami, Fla., Erwin N. Griswold, Sol. Gen., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Cooks' petition for habeas corpus was denied by the court below, without hearing, but after issuance of rule to show cause and filing of a response by the respondent U. S. Board of Parole. The contentions advanced by petitioner-appellant and the district court's reasons for denying relief are fully set forth in that court's unreported order, attached hereto as Appendix "A".

On this appeal Cooks has failed to demonstrate error in the district court's judgment. It is

Affirmed.

## APPENDIX A

James Columbus Cooks,

Plaintiff,

versus

United States Board of Parole,

Defendant.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This is a petition for writ of habeas corpus filed by petitioner, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 et seq. An order to show cause was issued on July 10, 1970, and a response was received on July 27, 1970.

■ Petitioner, presently serving a ten year state sentence for breaking and entering, asserts that a detainer placed upon him by the respondent Board for violation of the terms of his federal parole constitutes an unconstitutional restraint upon his liberty. Petitioner was convicted of violations of 26 U.S.C. §§ 4704(a) and 4705(a), and on January 25, 1961, was sentenced to a term of five years imprisonment. On May 24, 1964, petitioner was released on parole until placed in the custody of state officials on September 30, 1965, to begin serving a ten year term for breaking and entering. On June 17, 1965, a parole warrant charging that petitioner violated the terms of his federal parole was issued, but not served, and a detainer was lodged with the warden of the state prison. The petition alleges that the restraint imposed upon the petitioner in the form of the detainer and warrant is violative of the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution in that it denies petitioner equal protection and due process of law, deprives him of his constitutional right of confrontation, and constitutes cruel and unusual punishment. Petitioner's contentions are without merit.

■ The statute pursuant to which the detainer was issued, 18 U.S.C. § 4205, provides for the issuance of a warrant for parole violation within the maximum term for which he was sentenced, with the unexpired term of imprisonment to begin to run from the date he is returned to the custody of the Attorney General. The period during which a federal parolee is in state custody merely interrupts and suspends the period of

parole with the prior obligation being unaffected by the intervening confinement, and therefore there is no danger of imprisonment for a period exceeding the original sentence because of delay in parole revocation. Small v. United States Bd. of Parole, 10 Cir. 1970, 421 F.2d 1388, cert. denied 90 S.Ct. 1532, 397 U.S. 1079, 25 L.Ed.2d 815; Jefferson v. Willingham, 10 Cir. 1966, 366 F. 2d 353. Additionally, the issuance of a parole warrant may be delayed until the intervening charge is disposed of. Jefferson v. Willingham, *supra*. Finally, it has been held in several cases that the provision contained in § 4205, i. e., that "the time the prisoner was on parole shall not diminish the time he was sentenced to serve," is not violative of the provisions of the Fifth and Eighth Amendments to the Constitution. Canavari v. Richardson, 9 Cir. 1969, 419 F.2d 1287; Moore v. Smith, 7 Cir. 1969, 412 F.2d 720; Clark v. Blackwell, 5 Cir. 1967, 374 F.2d 952; Weathers v. Willingham, 10 Cir. 1966, 356 F.2d 421; O'Callahan v. Attorney General, 1 Cir. 1965, 351 F.2d 43. Parole is a matter of grace. It is accepted in the hope that it will discharge the balance of a prison sentence. Had petitioner not violated the conditions of his release it would have done so. O'Callahan v. Attorney General, *supra*.

The fact that petitioner was not made aware of the detainer until December 15, 1967, is of no consequence where, as here, the warrant was timely issued. Taylor v. Simpson, 10 Cir. 1961, 292 F.2d 698; Jefferson v. Willingham, *supra*. The delay in execution does not result in a denial of due process. Clark v. Blackwell, *supra*. Moreover, the failure of the warrant to name the intervening crime or witnesses who caused the issuance of the warrant is of little consequence where the violations of parole are evidenced by a criminal conviction. Moore v. Smith, *supra*.

Accordingly, it is ordered and adjudged that the petition of James Columbus Cooks for writ of habeas corpus be and the same is hereby denied.

Done and Ordered at Miami, Florida, this 2nd day of September, 1970.

(Signed) TED CABOT
United States
District Judge