Mokrie Sliekik, J.
This is a proceeding pursuant to article 78 of the CPLR (in the nature of mandamus) brought by petitioner, whose conditional .release had been revoked by the parole authorities after eight months and some few days of restricted liberty, seeking judgment directing respondent to credit him with “ street time ” against his remaining maximum expiration date.
Petitioner’s arguments are directed to the constitutionality of the conditional release contract; the loss of credit for the period he spent conditionally released from the Green Haven Correctional Facility as violative of the equal protection clause; and the denial to him of due process. His view of the situation, succinctly stated, is that time served as a conditionally released person is part and parcel of his original sentence, since he remained in the legal custody of the parole authorities. He was, as he states, in a “ prison without walls”. (People ex rel. Rainone v. Murphy, 1 N Y 2d 367, 373.)
The latter case dealt with the sensitive subject of sentence interruption and the Court of Appeals there concluded that the Parole Board had no power to interrupt the sentence imposed upon a prisoner. However, in a later decision, the same court in passing upon amended legislation (Correction Law, § 218; L. 1960, ch. 473) respecting this subject, observed the destruction of “ the underlying hypothesis of rainoneand stated that it is the board’s declaration of delinquency that now interrupts a prisoner’s sentence as of the date of the act of delinquency until his return to an institution under the jurisdiction of the Correction Commissioner. (People ex rel. Petite v. Follette, 24 N Y 2d 60, 64.)
Respecting the situation of conditional release, section 70.40 (subd. 3, par. [b]) of the Penal Law now provides the same result — i.e., the delinquency declaration interrupts the prisoner’s sentence as of the delinquency date.
*264 Petitioner, in seeking mandamus, must demonstrate a clear legal right to such relief; and further, must persuade the court to exercise its discretion in granting such order (Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 469). Impressive though petitioner’s work product is, no clear demonstration of unconstitutionality is presented.
The conditional release contract executed by petitioner contains the following statutory clause: “I understand and agree that if I am returned to a correctional institution for violation of any of the above conditions, the time spent under conditional release will not be credited against the term of my sentence.” (Correction Law, § 827, subd. 5.)
Agreeing to this condition in return for the benefit of release from prison at an earlier date than would otherwise be the case, the petitioner now argues double jeopardy, duress, undue influence, and equal protection as the basis for vitiating the contract. There are many Federal authorities squarely holding that there is no constitutional impediment in the kind of treatment petitioner complains of (see, e.g., Weathers v. Willingham, 356 F. 2d 421, 422; O’Callahan v. Attorney General of United States, 351 F. 2d 43, 44, cert. den. 382 U. S. 1017; Zerbst v. Kidwell, 304 U. S. 359; Hall v. Welch, 185 F. 2d 525; Dolan v. Swope, 138 F. 2d 301; Moore v. Smith, 412 F. 2d 720, 725).
These holdings serve plainly to summarily destroy any pretension the petitioner may assert in support of his burden to demonstrate a clear legal right to the requested relief;
The application is denied and the petition is dismissed accordingly.