Jesse MORDEN, Petitioner,

v.

UNITED STATES BOARD OF PAROLE, and Dr. P. J. Ciccone, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondents.

Civ. A. No. 19670–3.

United States Disrtict Court, W. D. Missouri, W. D.

May 20, 1974.

Bruce C. Houdek, Kansas City, Mo., for petitioner.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondents.

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of habeas corpus by a federal convict formerly confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri. In his petition herein for habeas corpus petitioner sought to secure his discharge from custody and to remove a detainer lodged against him by the United States Board of Parole. Because petitioner may have stated a claim for relief, respondents were ordered on October 6, 1971, to show cause why the writ of habeas corpus should not issue in this case. Petitioner has been granted leave to proceed in *forma pauperis* by prior order of this Court on October 6, 1971.

In · his petition herein, petitioner states that he was convicted after a plea of guilty in the United States District Court for the Eastern District of Michigan of an "unknown" offense; that sentence was imposed on that conviction on February 10, 1958, to imprisonment for a term of nine years; that he did not appeal from the judgment of conviction or imposition of sentence; that he was represented by counsel at his arraignment and plea, his trial and upon sentencing; that on January 31, 1964, he was mandatorily released from imprisonment; that in October, 1965, the Board of Parole was advised that petitioner had been charged with aiding and assisting in the preparation of a false federal income tax return in violation of Section 7206, Internal Revenue Code of 1954; that based upon that information, a mandatory release violator warrant was issued by respondent on October 22, 1965 and sent to the United States Marshal in Detroit, Michigan, with instructions, by form letter dated October 22, 1965, that "If the prisoner is facing a local charge, or is in jail or on bond, withhold execution of the Warrant until disposition is made or until you receive further instructions from this office . . ." and that "If the prisoner is sentenced on a new Federal charge, return the Warrant unexecuted . . ."; that petitioner remained on bond until June 20, 1966, when he was convicted of the illegal purchase of heroin in violation of Section 4704, *supra*, in the United States District Court for the Eastern District of Michigan, in which he was sentenced to imprisonment for a period of ten years; that the charge of aiding and assisting in the preparation of a false income tax return was dismissed; that after imposition of petitioner's 1966 sentence, respondent lodged the mandatory release violator warrant as a detainer against petitioner at the United States Penitentiary, Terre Haute, Indiana; that on two occasions petitioner requested that the detainer be removed but both requests were denied by respondent on March 4, 1968, and March 24, 1970, respectively.

In his original petition herein petitioner stated the following grounds for his contention that he was being held in custody unlawfully and that the detainer was unlawfully lodged against him:

"(a) . . . The grounds which petitioner alleges that he is being held in custody unlawfully is that the respondents, inconsistent with the Bill of Attainder Clause, have administered Title 18, U.S C., Sec. 4205 so as to deny petitioner a jury trial and inflict punishment without benefits of the procedural guarantees enumerated in the federal constitution.

"(b) Section 4205 of Title 18 U.S.C., cannot impaire (sic) the power of the President to grant pardon or commutation or good time allowance and said Section 4205 is therefore unconstitutional as interpreted by the Respondents.

"(c) Petitioner has completed service of his sentence.

"(d) Failure of United States Parole Board to execute warrant, denied petitioner the protection of his person as guaranteed by the Fifth Amendment and acted as an act of clemency.

"(e) The phrase within Section 4164 U.S.C. Title 18 as interpreted by the Respondents, that a prisoner having served his term or terms less good-time deductions shall, upon release, 'be deemed as if released on parole does not mean that petitioner is released under the supervision or the authority of the United State Parole Board, nor does said Section 4164 authorize the said Parole Board to confiscate good time credits earned as a matter of right."

Petitioner stated the following as facts in support of the above grounds:

"(a) On February 10, 1958 petitioner was sentenced to a period of nine (9) years imprisonment from the Eastern District of Michigan and on January 31, 1964 was released under Section 4163, being Mandatorily Released from imprisonment after a service of (5) years, eleven (11) months and twenty0 one (sic) (21) days, petitioner having earned a deduction from the term of his sentence for a total of three (3) years, one (1) month and nine (9) days under Sections 4161 and 4162 of Title 18, U.S.C.

"On November 4, 1966, eight (8) years, eight (8) months and twenty-four (24) days after petitioner started service of his sentence, the United States Board of Paroles issued a Warrant for petitioner's arrest as an alleged parole violator, which warrant directed all government agents to execute said warrant and reimprison (sic) petitioner as an alleged violator of parole. However, the said Parole Board also directed along with the Warrant a separate request that if petitioner received a new sentence, not to execute the warrant, but only execute the warrant if petitioner was to be released from custody.

"On March 24, 1970, in response to a letter petitioner wrote to the United States Board of Parole requesting that the detainer warrant be removed, James W. Jones, Case Analyst replied for James R. Pace, Parole Executive that 'it was the decision of the Board following a dispositional review of your case, that the detainer should remain on file. The Board has indicated it intends to take you into custody as a Federal violator at such time as you are released from the sentence for which you are now confined.' . . . ."

"(B) . . .

\* \* \* \* \* \*

"Breifly (sic) stated, petitioner having 'faithfully observed all the rules and has not been subject to punishment, shall be entitled to a deduction from the term of his sentence' as is provided in Section 4161 and under Section 4162, petitioner is allowed a deduction from his sentence for 'performing exceptionally meritorious service or performing duties of outstanding importance in connection

with institutional operation' and for his employment in industries and camp. . . .

\* \* \* \* \* \*

"(C) . . .

\* \* \* \* \* \*

"Petitioners (sic) sentence started on February 10, 1958 for a period of nine years. On November 4, 1966 the United States Board of Parole issued an alleged parole violators (sic) warrant for petitioners (sic) arrest.

\* \* \* \* \* \*

"From February 10, 1958 to November 4, 1966, plus 180 days is four (4) months and twenty-five (25) days beyond Respondent's authority under Section 4205 to issue a warrant.

\* \* \* \* \* \*

"(D) When petitioner was convicted and sentenced in 1958 to a term of imprisonment it was the judgment and commitment of the court that petitioner was to be committed to the custody of the Attorney General for a period of nine years. The Court did not imply or state that said nine years of imprisonment was to be served upon the whim of the Attorney General at his discretion (sic).

\* \* \* \* \* \*

It is petitioner's contention that the Executive authorities of the United States (U.S. Board of Parole) waived the right to the custody of the petitioner and consented to the action of the United States District Court in petitioners (sic) present sentence when the said Parole Board surrendered their jurisdiction to the sentencing court for sentencing on new federal charges before being returned to the custody of the Attorney General under the parole violation warrant . . .

\* \* \* \* \* \*

"Therefore, it is petitioner's contention that upon petitioner's conviction of the second offense, if the Parole Board had wanted to violate him they not only could have, but had reason to do so. Then at the time of sentence of the second conviction, the sentencing court could have either sentenced him to concurrent or consecutive sentences with the first sentence, and the parole board's failure to execute their warrant before sentence on the second charge, waived their alleged jurisdiction over petitioner, . . .

\* \* \* \* \* \*

"(E) . . .

\* \* \* \* \* \*

"As petitioner has not violated 'the rules of the institution', nor is petitioner credited with being imprisoned while mandatorily released, the good time credits earned must still be credited as a deduction from the term of his sentence, therefore the petitioner has completed his nine (9) year sentence imposed on February 10, 1958 and the detainer placed upon petitioner is based upon no legal authority, but only the whim of the parole board."

In the response to the show cause order filed herein, respondents attached copies of the following:

(1) Petitioner's Judgment and Commitment from the United States District Court for the Eastern District of Michigan (Southern Division), dated June 20, 1966, which states that on June 20, 1966, petitioner was sentenced by that court to a period of imprisonment for ten years upon his plea of guilty to violation of Section 4704(a), Title 26, United States Code;

(2) Administrative transfer Order, dated December 14, 1970, which reflects that petitioner was ordered transferred from the United States Penitentiary, Leavenworth, Kansas, to the Prison Camp at the United States Medical Center for Federal Prisoners, Springfield, Missouri;

(3) Mandatory Release Violator Warrant against petitioner, issued by

the United States Board of Parole on October 22, 1965, which recites, *inter alia*, that petitioner had been mandatorily released on January 31, 1964, in connection with a nine year sentence previously imposed upon petitioner in the United States District Court for the Eastern District of Michigan;

(4) United States Government Memorandum, dated November 4, 1966, from the United States Board of Parole (by Joseph N. Shore, Parole Executive) to the Warden of the United States Penitentiary, Terre Haute, Indiana, requesting that such warrant be maintained against petitioner as a detainer until petitioner is released from his present sentence, at which time it is requested that the warrant be executed; and

(5) Letter, dated March 24, 1970, from James R. Pace, United States Parole Executive, to petitioner, reflecting that the United States Board of Parole has considered a request by petitioner that the Parole Board's detainer be removed, but that the decision of the Parole Board was to maintain its detainer against petitioner on file and to execute the warrant upon petitioner's release from his current sentence.

Respondents further state that William L. Tappana, Administrative Assistant at the United States Medical Center for Federal Prisoners, Springfield, Missouri, has advised that his records show that on February 11, 1958, petitioner was sentenced in the United States District Court for the Eastern District of Michigan to imprisonment for a period of nine years upon petitioner's plea of guilty to violation of Section 4704(a), Title 26, United States Code, and Section 2(a), Title 18, United States Code, and that the full term expiration date of petitioner's 1958 sentence less 180 days occurred on August 14, 1966.

In his traverse of respondent's response, petitioner admits as true all of respondent's exhibits submitted herein, except Respondent's Exhibit No. 3(1) (Mandatory Release Violator Warrant), which states that petitioner was released on January 31, 1964, from the "Federal Correctional Institution, Milan, Michigan, with 1106 days remaining to be served." Petitioner states he was released "without any days left to be served on his sentence." However, petitioner also admits as true that William L. Tappana correctly advised respondents that petitioner's full term expiration date less 180 days on his 1958 sentence occurred on August 14, 1966. Petitioner has thereby admitted that time remained to be served on his 1958 sentence when he was mandatorily released pursuant to the provisions of Section 4163, Title 18, United States Code.

On January 24, 1973, respondents filed herein a "Supplemental Memorandum," attaching thereto a photocopy of a letter dated July 11, 1972, from Dr. P. J. Ciccone, Director of the United States Medical Center for Federal Prisoners, Springfield, Missouri, to the Clerk of this Court. In the letter of July 11, 1972, Dr. Ciccone advised that the petitioner was released on parole from the Medical Center on July 10, 1972, and that petitioner was residing in Detroit, Michigan, where he would be under the supervision of the Chief United States Probation Officer at Detroit, Michigan, until June 30, 1979. In his supplemental memorandum, counsel for the respondents further stated that he had telephonically communicated with James H. Nugent, United States Probation and Parole Officer in the Eastern District of Michigan (Detroit, Michigan) and that Mr. Nugent advised that petitioner continued to be on parole. Counsel for respondent further stated that he had been advised that petitioner continued to reside at 19738 Evergreen Road, Detroit, Michigan 48219.

On April 23, 1974, inquiry was made of the United States Probation Office

for the Eastern District of Michigan at Detroit, Michigan, in order to complete the record in the case at bar. In response to that telephonic inquiry, a letter dated April 26, 1974, was received by the undersigned from Donald A. Berglund, Deputy Chief United States Probation Officer for the Eastern District of Michigan. Attached to that letter was a photocopy of a letter dated May 23, 1972, to Charles T. Hosner, Chief United States Probation Officer for the Eastern District of Michigan, from B. D. Pyeatt, petitioner's former caseworker at the United States Medical Center for Federal Prisoners at Springfield, Missouri. Also attached was a photocopy of petitioner's "Mandatory Release Violator's Report" dated April 20, 1972. These letters establish that petitioner was granted a mandatory release violation hearing at the United States Medical Center on May 22, 1972, which resulted in his release to the Eastern District of Michigan on July 10, 1972, with mandatory release supervision through June 30, 1979, covering both matters on a concurrent basis.

■ Although petitioner has been discharged from immediate physical imprisonment, this petition for a writ of habeas corpus is not moot. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). While petitioner's mandatory parole released him from physical custody, it imposed conditions which significantly confine and restrain his present freedom. This is sufficient to keep petitioner in the "custody" of the United States Board of Parole within the meaning of the habeas corpus statute. Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285, 291 (1963); *see also*, Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L. Ed.2d 917 (1968); Fox v. Dutton, 406 F.2d 123 (5th Cir. 1968), cert. denied, 395 U.S. 916, 89 S.Ct. 1764, 23 L.Ed.2d 229 (1969). However, it must be noted

that petitioner's cause against the Director of the United States Medical Center for Federal Prisoners at Springfield, Missouri, became moot upon petitioner's release from that institution on July 10, 1972. Jones v. Cunningham, 371 U.S. 236, 241, 83 S.Ct. 373, 9 L.Ed.2d 285, 290 (1963).

■ Petitioner's first contention that Section 4205 of Title 18, United States Code, is unconstitutional as being a bill of attainder and contrary to the Due Process clause of the United States Constitution is without merit. The constitutionality of Section 4205 is well established. Cooks v. United States Board of Parole, 447 F.2d 63 (5th Cir. 1971); Willis v. Meier, 435 F.2d 852 (9th Cir. 1970); Moore v. Smith, 412 F.2d 720 (7th Cir. 1969); Weathers v. Willingham, 356 F.2d 421 (10th Cir. 1966); O'Callahan v. Attorney General of United States, 351 F.2d 43 (1st Cir. 1965), cert. denied 382 U.S. 1017, 86 S.Ct. 632, 15 L.Ed.2d 531 (1966).

■ Petitioner next contends that good time allowance under Section 4161 is a commutation of sentence by the President which Section 4205 may not impair. Petitioner obviously does not understand that the statute is a product of the Legislative, and not the Executive branch of Government. Section 4161 does not concern the power of the President to grant pardon or commutation of sentence, nor does Section 4205 impair such power.

■ Petitioner asserts that he completed service of his 1958 sentence because the mandatory release violator's warrant was issued without the maximum term of his sentence less 180 days. But in his traverse of the response herein, petitioner admitted as true that the warrant was issued October 22, 1965. The warrant was therefore issued well within the statutory period prescribed therefor. *See*, 18 U.S.C., § 4205. Petitioner asserts that Section 4164 does not authorize the Parole Board to "confis-

cate good time credits earned as a matter of right." However, when petitioner was mandatorily released on January 31, 1964, there remained more than three years to be served on the original nine year sentence. The privilege granted to a prisoner whereby he is mandatorily released from prison in no way affects the legal length of the term of his commitment. A mandatory release is a substituted form of release subject to applicable statutes and regulations administered by the Board of Parole. For misconduct while conditionally released, up to and until the last 180 days of his maximum term, petitioner is subject to being retaken into custody on warrant, having his previously earned good time forfeited,[1] and being required to commence service of the sentence "at a point where this had been left off when he was conditionally released." Young v. Aaron (8th Cir. No. 73–1604, December 18, 1973); Williams v. Ciccone, 415 F.2d 331 (8th Cir. 1969); Douglas v. Sigler, 386 F.2d 684 (8th Cir. 1967); Sprouse v. Settle, 274 F.2d 681, 684 (8th Cir. 1960).

Petitioner further contends that the Board of Parole waived jurisdiction of petitioner respecting his 1958 sentence when he was sentenced on the intervening 1966 charge. However, the Board of Parole did not waive jurisdiction because of failure to execute its warrant before such sentence was imposed. Moore v. Smith, *supra*.

Petitioner's remaining contention is that the Parole Board contravened the guarantees of the Fifth Amendment to the United States Constitution by failing to execute its mandatory release violation warrant and grant petitioner a mandatory release revocation hearing. Under current developing jurisprudence, that contention would merit serious consideration under the recent ruling by the United States Court of Appeals for the Eighth Circuit in Williams v. Lockhart, 489 F.2d 308 (8th Cir. 1974). See, Cleveland v. Ciccone, Civil Action No. 74CV131–S–WHB (W. D.Mo. April 26, 1974); Hayes v. Ciccone, Civil Action No. 74CV123–S–WHB (W.D.Mo. March 27, 1974). In both the *Hayes* and *Cleveland* cases this Court held that the Board of Parole rule which requires the Board, in ordinary circumstances, to await service of the intervening sentence before executing the parole violation warrant and accordingly granting the prisoner a parole revocation hearing is constitutionally defective under the ruling in Williams v. Lockhart, *supra*.[2] However, in the case at bar the record clearly establishes that the mandatory release violation warrant has been executed and petitioner has been granted a mandatory release violation hearing. Under these circumstances, petitioner's final contention is moot. Williams v. Lockhart, 489 F.2d 308, 311 (8th Cir. 1973).

For all the foregoing reasons, it is therefore

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, denied.

1. Forfeiture of good time is expressly authorized by Section 4165, Title 18, United States Code, during the term of imprisonment. The term of imprisonment includes the time preceding unconditional release when the prisoner is retaken into custody because of a parole violation revocation.

2. It has not been determined, however, that the ruling of Williams v. Lockhart, *supra*, is retroactive. Petitioner has secured an order providing that both his parole terms shall run concurrently, which is a disposition favorable to petitioner.