**James Homer WATSON, Appellant,**

v.

**Zeigel W. NEFF, Acting Chairman, United States Board of Parole, et al.,**
**Appellees.**

**No. 24584.**

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1967.

James Homer Watson, pro se.

Theodore E. Smith, Asst.U.S.Atty., Atlanta, Ga., for appellee.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the District Court granting defendant's motion to dismiss an action entitled "complaint for injunction." The suit was brought by appellant Watson and one Hubert James Putt, inmates in the Atlanta Federal Penitentiary. Watson alone has appealed.

Two questions are presented: Whether appellant is entitled to have a three-judge federal court pass on the constitutionality of the actions of the U. S. Board of Parole and whether 18 U.S.C. § 4205[1] requires that a parole violator warrant be executed as soon as the parole violator is found or whether, on the other hand, the practice of placing the parole violator warrant as a detainer on the arrested parolee or mandatory releasee and executing the warrant after service of sentence on the crime for which the parolee or mandatory releasee was arrested constitutes a denial of due process.

On March 27, 1959, appellant was sentenced in the U. S. District Court, Western District of Washington, to a federal prison for four years and nine months, following conviction of a Dyer Act charge, 18 U.S.C. § 2312. On August 1, 1962, he was given a mandatory release. On February 16, 1963, a violator warrant was issued for appellant after the Board received information that he had absconded supervision. On April 4, 1963, appellant was sentenced in the U. S. District Court, Middle District of Florida, on another Dyer Act charge for a term of five years. He was released under this sentence on August 23, 1966, and was immediately taken into custody on the violator warrant. After a hearing, the Parole Board found that appellant had violated his parole and ordered his mandatory release revoked:

 Inasmuch as appellant does not attack 18 U.S.C. § 4205 itself but complains only of the alleged unconstitutional manner of its application, no claim is stated under the three-judge act, 28 U.S. C. § 2284.

The contention that the action of the Board was an abuse of discretion is also without merit. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Johnson v. Wilkinson, 5 Cir., 1960, 279 F.2d 683.

The judgment of the District Court is affirmed.

---

1. The statute reads: "A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve. June 25, 1948, c. 645, 62 Stat. 854."