**George CHANEY, Appellant,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

**No. 20130.**

United States Court of Appeals, Eighth Circuit.

June 15, 1970.

George Chaney, pro se.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., on brief, for appellee.

Before MATTHES, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

George Chaney, a Federal prisoner of the United States Medical Center, Springfield, Missouri, has appealed in forma pauperis from the denial of his petition for a writ of habeas corpus by the United States District Court for the Western District of Missouri, Honorable William H. Becker, Chief Judge.

Appellant was arrested in Houston, Texas, on October 11, 1966, charged with theft of a meat truck, and incarcerated as a state prisoner pending trial. On November 9, 1966, he was produced from state custody for the Southern District of Texas under a writ of habeas corpus *ad prosequendum*. On that day, he appeared in the United States District Court for the Southern District of Texas, and pled guilty to transporting a 1963 Buick automobile from Louisiana to Texas in violation of 18 U.S.C. § 2312 (Dyer Act). He received a sentence of three years imprisonment on the Federal charge and was returned to the custody of the State of Texas. Subsequently, he pled guilty to the state charge, and he commenced service of a 6-year sentence at Texas State Prison, Huntsville, Texas, on January 13, 1967. On June 27, 1969, he was paroled from that institution to a detainer lodged by the United States Marshal, Houston, Texas. The Marshal took appellant into custody July 2, to begin service of his Federal sentence at the Federal Correctional Institution, Texarkana, Texas. In August of 1969, appellant was transferred to the Medical Center at Springfield, from which he launched his present suit.

Appellant alleged in the district court and contends here that his Federal sentence began running from the date of its imposition—November 9, 1966. He concludes that he has therefore fully served the 3-year sentence and must be discharged from custody.

■ Appellant's challenge is without merit. Under the plain and mandatory language of the controlling statute, "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence." 18 U.S.C. § 3568. In a decision involving facts virtually identical to those here involved, the Seventh Circuit, after quoting the above statute, stated:

"The defendant was properly returned to the State of Illinois authorities for disposition of the state charges against him. Under the provisions of Title 18 U.S.C. § 3568, his federal sentence could not commence until he was released by the State of Illinois and held for transportation to the place of federal confinement. The record does not reveal any intent by the District Court to have the execution of the federal sentence commence at any time other than as provided for in 18 U.S.C. § 3568. Absent clear intent to have defendant's sentence run concurrently with any state sentence, the execution of his federal sentence did not begin to run until the United States Marshal assumed custody over him at his place of detention to await transportation to the federal penitentiary. Gunton v. Squier, 9 Cir., 185 F.2d 470."

United States v. Kanton, 362 F.2d 178, 179–180 (7th Cir. 1966), cert. denied, 386 U.S. 986, 87 S.Ct. 1298, 18 L.Ed.2d 239 (1967). See also Burge v. United States, 332 F.2d 171 (8th Cir.), cert. denied, 379 U.S. 883, 85 S.Ct. 155, 13 L.Ed.2d 89 (1964); Williams v. Taylor, 327 F.2d 322 (10th Cir.), cert. denied, 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051 (1964); Hayward v. Looney, 246 F.2d 56 (10th Cir. 1957); Lunsford v. Hudspeth, 126 F.2d 653 (10th Cir. 1942). There is no indication here that the Federal sentence was to run anything but consecutive to any state incarceration. See Miller v. Willingham, 400 F.2d 873 (10th Cir. 1968). Indeed, the sentence under attack was imposed *prior* to the state sentence resulting in appellant's incarceration at Huntsville.

■ Appellant also challenges the validity of a detainer lodged against him, which detainer is predicated upon a parole violator warrant issued August 23, 1966, by the United States Board of Parole and returned unexecuted July 24, 1969, by the United States Marshal in Houston, Texas, upon request of the Board of Parole. The warrant stated that appellant still had 1,269 days left to serve on a previous 5-year sentence imposed in 1962 for a Dyer Act violation in Louisiana. The warrant issued before the last 180 days prior to the full-term expiration of appellant's 5-year sentence, and it was therefore timely and proper. See Williams v. Ciccone, 415 F.2d 331 (8th Cir. 1969); 28 C.F.R. § 2.37(b). Appellant has not challenged the basis of probable cause for issuance of the warrant.

■ Appellant's complaint is that the warrant was not immediately served in 1966, there was no ensuing parole violation hearing, and the continuation of the detainer against him denied "his Sixth Amendment right to a quick and speedy prosecution of the charges," and threatens his chances for achieving parole from the 3-year Federal sentence as well as the acquisition of certain favorable working and living conditions while incarcerated at the Springfield institution. We must agree with the district court that appellant's contentions lack merit. Appellant was arrested and jailed by the Houston authorities on October 8, 1966, for theft of a truck. The parole violator warrant was not received by the United States Marshal in Houston until October 13, 1966. Since Appellant was in the cus-

tody of the State of Texas, the Board of Parole was not obligated to direct immediate execution of the warrant. Instead, it is quite permissible and the accepted practice, for the Board to lodge a detainer against the parole violator, the execution of which is delayed until the conclusion of the present incarceration. See Hash v. Henderson, 385 F.2d 475 (8th Cir. 1967) (detainer until expiration of state sentence); Maples v. United States, 360 F.2d 155 (8th Cir. 1966) (detainer until expiration of Federal sentence); 28 C.F.R. § 2.37(c).

We are satisfied that Chief Judge Becker reached the only conclusion permissible under the facts and the controlling law. The denial of the writ is affirmed.