**Antonio RODRIGUEZ, Plaintiff-Appellant,**

v.

**Olin G. BLACKWELL, Warden, Defendant-Appellee.**

No. 28792.

United States Court of Appeals, Fifth Circuit.

Oct. 30, 1970.

Antonio Rodriguez, pro se.

Gerald Friedlander, Atlanta, Ga. (court-appointed), for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and INGRAHAM, Circuit Judges.

PER CURIAM:

The federal prisoner appeals from an order denying his petition in the nature of mandamus in which he sought credit on a current sentence in the federal penitentiary of one year, eight months and fourteen days, representing time spent in state custody from September 15, 1965 until April 18, 1967, at which time he was transferred to the federal jurisdiction for custody. The trial court held that appellant was not entitled to the relief sought, because the entire time which he sought to have credited to him was while he was in state custody. In point of fact, the time between March 2, 1966 and April 18, 1967 was spent by appellant in the state prison, under a conviction by the United States District Court for the Southern District of Florida, pending appeal to this court. The period beginning with his being taken into custody on August 14, 1965 until his conviction on March 2, 1966 in the federal court corresponded with the time when both state and federal charges were pending against him. Appellant contends that since the state charges were later dismissed, it follows, therefore, that even this pretrial custody by the state represented federal custody.

The court has been advised by supplemental documents that appellant has now been credited with the period from March 1966 to April 1967, representing all time claimed by him subsequent to his federal conviction and sentence. We conclude that this is all appellant is en-

titled to, in view of this court's decision in Bryans v. Blackwell (5th Cir.) 387 F.2d 764. It being apparent that upon his conviction, Rodriguez did not receive any sentence which when added to the seven and one-half months period would equal the maximum punishment which could have been meted out to him, it will be presumed that the trial court gave him credit at the time of the federal sentence to the pre-sentence jail time.

It appearing, therefore, that by administrative action Rodriguez has received all credit he is entitled to, the judgment of the trial court denying relief by way of mandamus is hereby affirmed.

The court expresses its appreciation to counsel for his services in aid of this appellant, services for which counsel cannot be compensated under the Criminal Justice Act.