Edward Lee McLALLEN, Appellant,

v.

UNITED STATES MARSHAL, WESTERN DISTRICT OF MISSOURI, et al., Appellee.

No. 20256.

United States Court of Appeals, Eighth Circuit.

Jan. 13, 1971.

Ronald M. Sokol, Kansas City, Mo., on brief for appellant.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before MATTHES, Chief Judge, and LAY and BRIGHT, Circuit Judges.

PER CURIAM.

On April 10, 1964, the United States, pursuant to 18 U.S.C. § 4163, mandatorily released Edward Lee McLallen from the Leavenworth Penitentiary with 445 days remaining on his sentence for a Dyer Act violation. Under the statute, such a mandatorily released prisoner acquires the same status as that of a parolee until the expiration of his prison term less 180 days. 18 U.S.C. § 4164. While on such status as a parolee, McLallen was arrested for second-degree burglary in the State of Missouri. Based on this arrest, the United States Board of Parole issued a warrant directed to any proper United States officer to take McLallen into custody as a parole violator. Upon instructions from the Board of Parole, Respondent United States Marshal, holding the said warrant, withheld its execution, but lodged a detainer with Missouri state officials charged with holding custody of the petitioner.

McLallen filed a petition for habeas corpus in the federal district court for the Western District of Missouri seeking to invalidate the detainer. He contended that the delay in executing the warrant, thereby necessarily delaying disposition of the parole violator claim, violated his constitutional right to due process. The district court construed the petition as one for declaratory relief and dismissed the proceedings, holding that the delay in execution did not strip the warrant of legal validity.

McLallen appeals in forma pauperis from the district court decision. He delineates the issue on appeal in the following language:

On appeal there is no contention that the Board of Paroles may not revoke a mandatory release for commission of a crime while in mandatory release status. Nor is there any contention that statutory good time may not be revoked for violation of mandatory release. Nor is it contended that the Board of Paroles may not, within its discretion, determine that the remaining federal time is to be served consecutively to the state incarceration. What is contended is that it is arbitrary, unreasonable and a violation of due process of law for the Board of Paroles or some employee or agent thereof to refuse and fail to reach a determination, particularly after request, as to whether there has been a violation; whether there are factors in mitigation; whether the mandatory releasee is still a good "parole risk"; whether the violation, if established, is to be ignored or the releasee reincarcerated, or whether his incarceration is to be served concurrently with, or consecutive to, his state sentence.

Petitioner's claims of constitutional deprivation are similar to those asserted by the appellant, and rejected by us, in Chaney v. Ciccone, 427 F.2d 363 (8th Cir. 1970). See also Petition of Castaldi, 428 F.2d 371 (8th Cir. 1970); Hash v. Henderson, 385 F.2d 475 (8th Cir. 1967). In Chaney, supra, we held it a permissible practice for the Board of Parole to lodge a detainer against a parole violator and to delay the execution of a parole violator's warrant until the conclusion of the state sentence then being served by the alleged violator. We consider this court's decision in Chaney, supra, as dispositive of this case.

Affirmed.