Robert Jewell LANDMAN, Plaintiff-Appellant,

v.

Norman A. CARLSON, Director, Bureau of Prisons, United States Board of Parole, J. J. Clark, Warden of the U. S. Penitentiary, Defendants-Appellees.

No. 71-3383.

United States Court of Appeals, Fifth Circuit.

July 5, 1972.

Rehearing and Rehearing En Banc Denied Sept. 25, 1972.

Richard C. Hand, Arlington, Va., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for defendants-appellees.

Before WISDOM and INGRAHAM, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

Robert J. Landman, plaintiff-appellant, filed suit against the Director of the United States Bureau of Prisons, Norman A. Carlson. He attacked the parole revocation process in general and as it was applied to him, and sought money damages. In 1956 Landman was sentenced by the United States District Court for the Northern District of California to serve five years upon a conviction of bank robbery. Under 18 U.S.C. § 4163, he was given a mandatory release, over his objections, in 1959, with 564 days to serve. On information that Landman had left the district without permission and had been charged in Vir-

ginia state courts with two armed robberies, the Board of Parole issued a mandatory release warrant April 5, 1960. The Board held the warrant in abeyance pending developments on the state charges. In May 1960 the Winchester Corporation Court of Virginia sentenced Landman to eight years imprisonment in the State Penitentiary for robbery and the Frederick County Circuit Court sentenced him to eight years imprisonment to run consecutively with the Winchester sentence.

On August 31, 1971, the district court dismissed Landman's petition and on September 1, 1971, entered judgment in favor of the government. Landman then filed a motion to vacate the court's order and judgment and a motion for a change of venue. The district court denied both motions. Landman, in forma pauperis, appeals from the dismissal of his petition and the denial of his two motions.

■■ The Court holds that there is no merit to any of Landman's contentions. The charges against Landman and the grounds for the revocation of his mandatory release are obvious: he was convicted of one felony and pleaded guilty to another, both outside the district of his parole supervision. The Parole Board has broad enough discretion to revoke a mandatory release where the releasee stands convicted of two felonies. See 18 U.S.C. § 4207. In Earnest v. Moseley, 10 Cir. 1970, 426 F.2d 466, 469, the Court said:

> . . . the proceedings of the Board in revoking the parole or conditional release are presumptively correct. Unless it is clearly shown that the procedures established by the Board are clearly discriminatory or so lacking in fundamental fairness as to deprive the parolee· or releasee of due process, or that those procedures are clearly contrary to the statutes creating and regulating the Board, the court will not attempt to substitute its judgment for that of the Board.

Landman has failed to overcome the presumption that the Parole Board acted correctly or that it did not follow the procedures as set out in the statutes or that he was denied fair process appropriate in parole revocation proceedings.

■ We hold that under 18 U.S.C. § 4205 the mandatory release violator's warrant was properly issued before the expiration of Landman's term of parole; that it was not unreasonable to delay the execution of the warrant until the expiration of the intervening incarceration of Landman. *See* Chaney v. Ciccone, 8 Cir. 1970, 427 F.2d 363; Moore v. Smith, 7 Cir. 1969, 412 F.2d 720; Watson v. Neff, 5 Cir. 1967, 383 F.2d 397.

■ We hold that there was no unreasonable delay upon executing the mandatory release violator's warrant before allowing a parole revocation hearing, especially in the circumstances this case presents: Landman delayed his own hearing. See Cotner v. United States, 10 Cir. 1969, 409 F.2d 853.

We note that by delaying the execution of the "Attorney-Witness" form, Landman received the benefit of appointed counsel. This was because Public Law 91–447, codified as 18 U.S.C. § 3006A, which allows appointed counsel at revocation hearings, became effective on February 11, 1971. Therefore, it was not until that date that Landman could obtain appointed counsel for a revocation hearing. On February 18, 1971, Landman executed the "Attorney-Witness" form, indicating that he wished to have appointed counsel but no witnesses. Landman alleges no facts that would show that his attorney's representation was so inadequate as to violate due process.

The judgment is affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.