Gunie Boyd TRIMMINGS, Petitioner-
Appellant,

v.

J. D. HENDERSON, Warden, U. S.
Penitentiary, Respondent-
Appellee.

No. 73-3978

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 31, 1974.

Gunie Boyd Trimmings pro se.

John W. Stokes, Jr., U. S. Atty., An-
thony M. Arnold, Asst. U. S. Atty., At-
lanta, Ga., for respondent-appellee.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,
5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM.

Appellant Trimmings challenges by a writ of habeas corpus the computation of his present and prior sentences. He maintains that (1) the length of time he is being compelled to serve on his second sentence was improperly computed by the parole board; (2) the added confinement under the second sentence is defective because of the long lapse of time between the issuance of the violator's warrant on his first conviction and the parole revocation hearing seven years later; and (3) the sentence should have included a credit of pre-sentence jail time when he was denied bail due to the existence of a violator's warrant on his first conviction.

The District Court with great patience several times considered these complaints on their own and, in the light of an earlier case raising related issues, called on the Government by a show cause order to respond to specific issues, ultimately finding them without merit. We agree and affirm.

Appellant's history of arrests, sentences, and parole revocations form a checkerboard pattern extending back over the last 16 years.[1]

■ The answer is clear with respect to his claim that the remaining 542 days on conviction No. 1 (New Jersey) was improperly applied [2] on the grounds that the execution of the 1962 violator's warrant (1(a) ) should not have been delayed until 1970 (1(a) ), and, therefore, the revocation lacked due process. First, we have repeatedly held that where a warrant has been properly issued within the maximum term of the sentence, the execution of that warrant may be held in abeyance for the service of an intervening sentence. Following many earlier cases we recently reiterated this in Cook v. United States Attorney General, 5 Cir., 1974, 488 F.2d 667. See also, Cox v. Feldkamp, 5 Cir., 1971, 438 F.2d 1; Smith v. Blackwell, 5 Cir., 1966, 367 F.2d 539.

Secondly, subsequent to the execution of the warrant (1(a) ) there was a revocation hearing (1(b) ) and there was no showing of any fundamental unfairness either from the delay or the procedures followed in the Morrissey [3] sense. Cf. Cook v. United States Attorney General, 5 Cir., 1974, 488 F.2d 667.

■ This means that on the mandatory release date (12/13/70) under conviction No. 2 (New York) he was properly required to serve the 542 days remaining on conviction No. 1 (New Jer-

1.        Appellant's Narcotics Conviction Record

Conviction No. 1 (New Jersey)

1. 5 year sentence served:
   3/28/58 – 10/1/61
   Remaining: 542 days

   (a) violator's
       warrant
       issued: 8/24/62
       executed: 12/70
       time served: To 12/71

   (b) parole board revocation
       hearing held 4/19/71

Conviction No. 2 (New York)

2. 10 year sentence
   Arrested: 10/22/63
   Served: 6/23/64 –
          12/13/70
   Remaining: 1,382 days

   (a) violator's
       warrant
       issued: 7/6/72
       executed: 1/30/73

   (b) parole board
       revocation hearing
       held 2/12/73

2. See (1(a) ), *supra,* note 1.

3. Morrissey v. Brewer, 1972, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

.sey). A part of this remained unserved when, on 12/10/71, a new mandatory release date arrived. (1(a) )

Thereafter a new violator's warrant was issued on 7/6/72 and executed 1/30/73. (2(a) ) This was followed by a local parole revocation hearing as to which there can be no procedural due process complaint. The Board fixed the time remaining at 1,382 days.[4]

■ This result was proper and is not defective either because the parole board aggregated the sentences[5] or necessarily extended the date on which the substantive sentences would normally have expired.

Since revocation of mandatory release parole results in a loss of credit for time on parole, Henning v. United States Bureau of Prisons, 5 Cir., 1973, 472 F.2d 1221, the original sentence does not fix the calendar date of expiration of the sentence so that confinement beyond the original expiration date is permissible. Sturgis v. United States, 5 Cir., 1969, 419 F.2d 390.

■ The short answer to the claimed error in denying credit for jail term is that appellant having received less than the statutory maximum for conviction No. 2 (New York), Bryans v. Blackwell, 5 Cir., 1967, 387 F.2d 764 compels the presumption that the sentencing Judge took into account all jail time, both before and after, any use of the violator warrant (1(a) ) as a detainer.

Affirmed.

4. This gave full credit for all time actually served on convictions No. 1 and No. 2.

5. The policy and consequences seem accurately described in the Government's brief:

> As a matter of policy, prison officials *aggregate* multiple sentences. See Policy Statement 7600.54A (R. 57–61). The purpose of aggregating sentence is to allow inmates the benefit of accumulating statutory good time at the highest possible rate, as provided by 18 U.S.C. [§] 4161. In Trimmings' case, his violator sentences were consecutive to his substantive violations. This also explains the aggregate sentence of eleven (11) years, five (5) months, and 24 days, which is the equivalent of the ten (10) year sentence plus 542 day sentence (R. 47, 55–56). To compute the sentences separately would cause Trimmings to serve additional time in prison since he would accumulate less good time.