John A. GRAY

v.

M. R. HOGAN, Warden, et al.

Civ. A. No. C–75–140–A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 23, 1975.

John A. Gray, pro se.

John W. Stokes, U. S. Atty., Altanta, Ga., for defendants.

## ORDER

HENDERSON, District Judge.

The petitioner, a federal prisoner presently incarcerated in the Atlanta Federal Penitentiary, filed a petition to void an issued, but unexecuted, federal parole violator warrant and to expunge the detainer resulting therefrom. Let the petition be filed for the purpose of dismissal.

The petitioner is presently confined pursuant to a fifteen year sentence imposed on June 28, 1974 upon his conviction for violation of 18 U.S.C. §§ 371 and 2113. At the time of the commission of those offenses, he was on parole from a prior federal sentence and subject to the supervision of the United States Board of Parole (hereinafter referred to as the "parole board"). After his arrest in March, 1974, on the charges leading to the most recent conviction, the parole board issued a parole violator warrant apparently founded upon the fact that he had been charged with the commission of criminal acts while on parole. That unexecuted warrant is the basis of a detainer which has been in effect continuously during the entire period of his pre-trial and post-conviction incarceration. Although he maintains that he requested early disposition immediately after the issuance of the parole violator warrant, he has not yet been afforded a revocation hearing by the parole board. He does not allege specific facts to demonstrate that this delay in holding a revocation hearing would detrimentally affect the ultimate disposition of the parole violation charge. He now contends that the failure to afford him a prompt hearing has *per se* resulted in a denial of his right to due process under Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1973).

██ In the face of similar constitutional claims, the United States Fifth Circuit Court of Appeals has consistently upheld the parole board's prevailing practice of delaying execution of a properly issued federal parole violator warrant until completion of the intervening sentence. Trimmings v. Henderson, 498 F.2d 86 (5th Cir. 1974); Burnett v. United States Board of Parole, 491 F.2d 966 (5th Cir. 1974); Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974); Landman v. Carlson, 463 F.2d 218 (5th Cir. 1972), cert. den. 410 U.S. 985, 93 S.Ct. 1512, 36 L.Ed.2d 182; Galloway v. Attorney General, 451 F.2d 357 (5th Cir. 1971); Cox v. Feldkamp, 438 F.2d 1 (5th Cir. 1971); Smith v. Blackwell, 367 F.2d 539 (5th Cir. 1966). See also Thomas v. United States Board of Parole, 354 F.Supp. 273 (D.Kan.1973). Since, under Cook v. United States Attorney General, *supra,* the due process right to a revocation hearing mandated by Morrisey v. Brewer, *supra,* does not attach until execution of the violator warrant, the delay in granting such a hearing while the warrant is held in abeyance does not offend his Fourteenth Amendment rights absent an affirmative showing of prejudice. The disadvantages caused by the outstanding detainer, including the deprivation of certain prison privileges during the prisoner's current confinement, do not constitute "such a grievous loss —in due process terminology—as to require the hearing to be held prior to service of the intervening sentence . . . ." Cook v. United States Attorney General, *supra,* 488 F.2d at 673. Therefore, under the well established line of authority in this circuit, the petitioner's claim is facially devoid of merit.

This holding is made with full knowledge of the contrary conclusion reached in Pavia v. Hogan, 386 F.Supp. 1379, (N.D.Ga.1974) (Edenfield, Chief Judge) that due process in this context includes a "reasonably prompt" parole revocation hearing notwithstanding service of an intervening sentence. This determination was, in part, premised upon that court's view that "Morrisey v. Brewer, *supra,* as interpreted by the United States Supreme Court in Wolff v. McDonnell, 418

U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), mandates a different result from that reached in the [previously cited] Fifth Circuit cases." *Id.* 386 F.Supp. at 1384. This court respectfully disagrees.

In Morrisey v. Brewer, *supra,* the Supreme Court concluded that certain minimal due process requirements must be satisfied in revocation proceedings. On the other hand, in Cook v. United States Attorney General, *supra,* the Fifth Circuit dealt specifically and expressly with the question of when these due process rights actually attach.

In Wolff v. McDonnell, *supra,* the Court was confronted with the question of whether similar due process considerations come into play in the context of prison disciplinary proceedings, and it concluded that "some, but not all, of the procedures specified in *Morrisey* and [Gagnon v.] *Scarpelli,* [411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)] must accompany the deprivation of good-time . . ." 418 U.S. at 571, 94 S.Ct. at 2982. Thus, as in *Morrisey,* the Court was directly concerned with *whether* due process rights were involved, and not *when* those rights arose. This court does not read the *Wolff* opinion as working such a supervening change in the due process analysis of *Morrisey* so as to undermine the result in Cook v. United States Attorney General, *supra,* which concerns only the timing of entitlement to certain due process rights. Indeed, it is instructive to note that the Court of Appeals recently reaffirmed the views expressed in the *Cook* case in an opinion issued over a month after the Supreme Court rendered its decision in Wolff v. McDonnell, *supra.* See Trimmings v. Henderson, *supra.*

Furthermore, the principal authorities discussed and relied upon in Pavia v. Hogan, *supra,* do not address the validity of the *Cook* analysis in light of Wolff v. McDonnell, *supra,* since they antedate the Supreme Court's opinion in that case and advocate a reading of *Morrisey* which the Fifth Circuit directly considered and rejected in the *Cook* opinion. See Cooper v. Lockhart, 489 F.2d 308

(8th Cir. 1973); Sutherland v. District of Columbia Board of Parole, 366 F. Supp. 270 (D.C.D.C.1973).

Finally, since the federal prisoner in Pavia v. Hogan, *supra,* was petitioning for relief from a detainer founded upon a parole violator warrant issued by New York *state* authorities, that court was dealing with a statutory scheme factually distinguishable from the federal parole statutes involved here and in the Fifth Circuit cases cited earlier. That distinction provided another basis for the holding in *Pavia* as an alternative to the outright rejection of Cook v. United States Attorney General, *supra.* It is, perhaps, for this reason that the guidelines set forth in *Pavia* expressly pertain only to federal prisoners charged with violations of *state* parole conditions.

The instant case presents facts substantially identical to those in Cook v. United States Attorney General, *supra,* and the court perceives no reason to depart from the result reached in that case.

Accordingly, the petition is dismissed.