UNITED STATES of America, Appellee,

v.

James Russell ROSS, Appellant.

No. 81–1483.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1981.

Decided Dec. 11, 1981.

Robert V. Broom, Omaha, Neb., argued, Susan Jacobs, Lincoln, Neb., for appellant.

Thomas D. Thalken, U. S. Atty., D. Neb., Sally R. Johnson, Asst. U. S. Atty., D. Neb., argued, Lincoln, Neb., for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and OLIVER,* Senior District Judge.

STEPHENSON, Circuit Judge.

This is a direct appeal from the judgment and sentence imposed by the district court[1] on a guilty plea entered by appellant Ross. Ross questions the validity of his plea, the sentencing process, and the sentence imposed. We affirm.

---

* The Honorable John W. Oliver, United States Senior District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska.

Ross pled guilty to Count I and Count VIII of a nine-count indictment. Count I charged defendant Ross and defendant Thomas Couceiro with conspiring to transport in interstate commerce stolen motor vehicles and to sell the same, knowing they were stolen, in violation of 18 U.S.C. §§ 371, 2312, 2313. Count VIII charged Ross and Couceiro with interstate transportation of a stolen motor vehicle, a 1977 Holiday Rambler motor home, knowing it was stolen in violation of 18 U.S.C. §§ 2, 2312.

Ross initially contends that he was not advised of the effect of a guilty plea to Count I, the conspiracy count. However, the record discloses that the district court orally addressed the defendant and explained the elements of the conspiracy offense. The record also discloses that prior to addressing the defendant, pursuant to Rule 11, the court requested the defendant to fill out a four-page "petition to enter a plea of guilty" containing forty-three questions relating to the material covered by Rule 11. The court indicated that this was particularly desirable because the plea was being entered pursuant to a plea agreement. The questionnaire was signed by Ross and contained the certificate of counsel that he had read and fully explained to the defendant the allegations contained in the indictment, the maximum penalty for each count, and that defendant was offering to plead guilty to Counts I and VIII.[2]

Thereafter the district court addressed the defendant informing him of the nature of the charges, the maximum penalty provided by law on each count, and, after appropriate inquiry, determined that the plea was voluntary and that no promises had been made with respect to the penalty that might be imposed. The transcript of the change of plea hearing covered thirty-six pages and shows that Rule 11 was fully complied with.

The remaining claims of Ross pertain to alleged errors in the sentencing process and the sentence imposed. He claims his sentence was too severe because the court apparently took into consideration more than one overt act charged in the conspiracy count despite the court's statement that only one "specification" [overt act] is all that was needed in finding guilt. Ross infers this from the court's observation at the time of sentencing that "this isn't a petty misdemeanor of any nature at all. It is a matter of substance. And it appears to have been a rather widespread operation from the matters that are contained in Count I to which you have pled guilty."[3]

In *United States v. Tucker,* 404 U.S. 443, 446–47, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), the Supreme Court stated:

> [A] trial judge * * * has wide discretion in determining what sentence to impose * * * [and] may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information * * * or the source from which it may come. (citations omitted) * * * [A] sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review. (citations omitted).

In the instant case, the trial judge imposed a sentence of four years on Count I to run consecutively to a term of imprisonment that defendant was then serving in the state of Utah and four years on Count VIII to run concurrently with Count I. However, execution of the sentence on Count VIII was suspended and defendant was placed on probation for five years to commence upon his release from imprisonment on Count I. The sentence was well below the maximum of ten years imprisonment that could have been imposed. The claim that the sentence was excessive is devoid of merit.

Appellant further contends that the court improperly considered prejudicial statements set out in the presentence report, made by the sentencing judge in Utah

---

2. Appellant Ross was forty-one years old and had the equivalent of four years of college.

3. Ross also complained because co-defendant Couceiro pled guilty to five counts and only received a total sentence of six years, one more year than Ross received.

at the time of the Utah sentencing and statements made by the probation officer in Utah. These contentions are likewise without merit. Judge Van Pelt made it abundantly clear that he would not consider the judge's statement in Utah because he did not have before him the facts which caused the judge's comment. Furthermore, Judge Van Pelt stressed the fact that his sentence was based on defendant's conduct and his previous record (two felony convictions).

■ Appellant's additional contentions that the court erred in denying a continuance so he could present evidence regarding his past employment and that appellant was suffering from hypoglycemia (low blood sugar condition) are likewise without merit. The information concerning appellant's employment the last ten years was cumulative and the court also advised appellant, if he had anything further to offer, he could present it in a motion for reduction of sentence under Rule 35. The record also discloses that defendant's counsel informed the court of defendant's medical condition. Defendant does not contend his health affected the validity of his plea. Instead he asserts that the sentence imposed does not adequately assure that he will get the proper treatment necessary for rehabilitation.

■ Finally, appellant contends that the court was required to impose a federal sentence to run concurrently with his state sentence. The record discloses that at the change of plea hearing Judge Van Pelt advised defendant, "[d]o you understand that when I say you are going to leave it up to me that maybe you will end up being sentenced in a federal court, sentence to be run when you are through with your state court sentence? Do you so understand?" Ross acknowledged that he understood. Defendant's contention is frivolous. *See Chaney v. Ciccone,* 427 F.2d 363 (8th Cir. 1970); 18 U.S.C. § 3568.

We are satisfied the able and experienced trial judge gave careful consideration to the relevant facts in imposing a proper sentence.

Affirmed.