Ssgt. Fernando E. ANDREU, Petitioner,

v.

Maj. Gen. J.J. McMONAGLE, and the United States of America, Respondents.

Civ. A. No. 82–2801–1.

United States District Court, D. South Carolina, Charleston Division.

Nov. 19, 1982.

James H. Moss, Moss, Bailey, Dore & Jessee, P.A., Beaufort, S.C., for petitioner.

David L. Beck, Maj., USMC, Judge Advocate, Marine Corps Recruit Depot, Parris Island, S.C., for McMonagle.

Heidi M. Solomon, Asst. U.S. Atty., Charleston, S.C., for U.S.A.

## ORDER

HAWKINS, District Judge.

This matter is before the court on the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, *et seq.,* by the petitioner, S/Sgt. Fernando E. Andreu. After a careful consideration of the petition for relief, memorandum of law submitted by the parties, the applicable law, the transcript of portions of the trial, and after entertaining oral arguments of counsel on November 7, 1982, this court is of the opinion that the relief requested should be denied.

On August 19, 1982, the petitioner was convicted by a military jury on charges of conspiracy to sell ammunition and the actual sale of the ammunition. Prior to his conviction, petitioner was placed in pre-trial

confinement for a total of one hundred and one (101) days.

Following his conviction, the petitioner was sentenced by the military jury to hard labor for six (6) months, given a bad conduct discharge, and reduced to Private (E–1). The maximum sentence which could have been imposed for the offenses for which petitioner was convicted included confinement at hard labor for ten years, a dishonorable discharge, and total forfeitures.

The petitioner, in his Writ of Habeas Corpus, requested this court to credit the one hundred and one (101) days of pre-trial confinement toward his six-month sentence.

Petitioner argues that during sentencing the jury did not consider the pre-trial confinement, and the judge improperly failed to instruct the jury that they should take into consideration the pre-trial confinement.

A majority of courts which have been faced with the issue of crediting pre-trial confinement to the actual sentence have held that when a prisoner received less than a maximum sentence, there is a conclusive presumption that the sentencing judge gave credit for the pre-trial confinement. *Parker v. Estelle,* 498 F.2d 625 (5th Cir.1974); *Trimmings v. Henderson,* 498 F.2d 86 (5th Cir.1974); *Myers v. U.S.,* 446 F.2d 232 (9th Cir.1971); *Rodriquez v. Blackwell,* 433 F.2d 993 (5th Cir.1970); *Langston v. U.S.,* 310 F.Supp. 147 (W.D.Penn.1970). However, it appears the Fourth Circuit Court of Appeals has determined that no presumption exists, but rather leaves "the matter open to be determined according to the facts in the particular case." *Padgett v. U.S.,* 387 F.2d 649 (4th Cir.1967).

When considering the facts of this case, and in particular the transcript of the pre-sentencing portion of the trial, it becomes obvious that the jury was properly informed and instructed that they should consider the defendant's pre-trial confinement before determining the appropriate sentence.

In the proposed instructions, the trial judge informed the lawyers that he would instruct the jury "that they are to consider the nature of the pre-trial restraint." (Transcript at 406). Counsel for the defendant argued to the jury that the defendant "has been punished already severely . . . . [H]e has served three and a-half months . . . of pre-trial confinement." (Transcript at 414). The trial judge instructed the jury that they "should take into account all the circumstances surrounding the case . . . . I specifically invite your attention to the following: . . . Consider the nature and duration of pre-trial confinement in the case, one hundred and one days."

Since the jury was properly instructed that they should consider the pre-trial confinement, the petitioner's petition for relief is denied.

AND IT IS SO ORDERED.