811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry D. MITCHELL, Petitioner-Appellant,
v.
UNITED STATES ATTORNEY GENERAL, et al., Respondents-Appellees.
 No. 85-6110.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Jerry D. Mitchell appeals the District Court's dismissal of his petition for writ of habeas corpus. We affirm the District Court's judgment.
 
 
 2
 Mitchell was originally sentenced on July 28, 1971 to a 12-year term for bank robbery. He was mandatorily released on October 28, 1980; under 18 U.S.C. Sec. 4164 his parole was deemed to end on January 29, 1983. He was arrested in Ohio on charges of grand theft and forgery on or about September 10, 1982. He pled guilty and was sentenced to a 2- to 5-year state sentence.
 
 
 3
 Because of Mitchell's state conviction and other administrative violations of his parole, the Parole Commission issued a warrant for his arrest on November 10, 1982. The warrant was executed on August 17, 1984, after Mitchell had served his state sentence.
 
 
 4
 Mitchell entered the Federal Correctional Institution ("FCI") at Ashland, Kentucky, on September 10, 1984, as a mandatory parole release violator. At his parole revocation hearing on December 4, 1984, the Commission ordered that Mitchell serve 32 months with a presumptive parole date of August 15, 1985. The Commission ordered that none of the time Mitchell spent on mandatory release would be credited to him.
 
 
 5
 Mitchell escaped from a community treatment center on August 4, 1985. Thus, the period from August 5, 1985 to June 2, 1986 was deemed inoperative time. Mitchell is currently confined at the FCI in Milan, Michigan, with a mandatory release date of February 25, 1987.
 
 
 6
 Mitchell filed his petition for writ of habeas corpus on December 4, 1984. His appointed counsel withdrew and new counsel was appointed on January 30, 1985. Mitchell filed an amended petition on December 21, 1984; his new counsel filed a second amended petition on February 28, 1985. The second amended petition sought credit on Mitchell's federal sentence for seven months he allegedly spent in federal custody from December 29, 1970, through July 21, 1971, and for the 21 months between November 10, 1982 and August 17, 1984, during which time Mitchell claims he was in the custody of federal authorities by virtue of the issuance of the parole violator warrant.
 
 
 7
 The Magistrate recommended that the government's Motion to Dismiss be granted and the petition be dismissed because Mitchell had failed to exhaust his administrative remedies. Mitchell filed objections to the Magistrate's report. On October 30, 1985, the United States District Court for the Eastern District of Kentucky adopted the Magistrate's report as the order of the Court.
 
 
 8
 Mitchell filed a timely Notice of Appeal. His second counsel sought leave to withdraw and his current counsel was appointed on May 5, 1985.
 
 I.
 
 9
 We find no error in the District Court's decision to dismiss Mitchell's petition because of his failure to exhaust his administrative remedies. The District Court found that Mitchell had failed to file a BP-11 with the Central Office of the U.S. Bureau of Prisons. The District Court rejected Mitchell's argument that such an appeal would have been futile.
 
 
 10
 It now appears that Mitchell had in fact filed a BP-11 on January 24, 1985, which was denied on March 5, 1985 because it was untimely. Mitchell's present counsel indicates that he first heard from Mitchell on July 15, 1986, and learned for the first time of the BP-11. At oral argument, Mitchell's counsel made an oral motion for remand to the District Court for a determination of whether Mitchell's failure to timely file his BP-11 was excusable.
 
 
 11
 The existence of the untimely BP-11 was never brought to the attention of the District Court, even though the Court specifically referred to Mitchell's failure to file a BP-11 and even though Mitchell was represented by counsel in that proceeding. We cannot review for an error an issue never presented to the District Court. Thus, we deny Mitchell's request for a remand of this issue.
 
 II.
 
 12
 Even if we were inclined to overlook Mitchell's failure to raise this issue below, we would decline to remand because we find no merit in Mitchell's substantive arguments.
 
 
 13
 First, Mitchell's amended petition challenged the government's refusal to grant him credit on his federal sentence for the seven months he allegedly spent in federal custody. Mitchell was arrested on December 29, 1970 on both federal and state charges concerning a bank robbery. He was in a state jail awaiting trial on state charges from December 29, 1970 to July 28, 1971, when he pled guilty to the state charges and received a sentence of 10 to 25 years to run concurrently with the federal sentence. Mitchell also pled guilty to the federal charges and was taken into federal custody on July 31, 1971.
 
 
 14
 Mitchell argues that under 18 U.S.C. Sec. 3568, he is entitled to credit on his federal sentence for the seven months he spent in jail awaiting state trial. However, "a federal term cannot begin until a prisoner has been received by federal authorities." United States v. Segal, 549 F.2d 1293, 1301 (9th Cir.), cert. denied, 431 U.S. 919 (1977) (citing 18 U.S.C. Sec. 3568). Mitchell was in state, not federal, custody during the seven months he spent in the state jail. Thus, he is not entitled to credit on his federal sentence for the seven-month period.
 
 
 15
 Second, Mitchell argues that the federal government was required to serve the warrant for parole violation on him while he was still under presumptive parole, citing 18 U.S.C. Sec. 4213(b). Mitchell contends that he is entitled to 21 months of credit for the time period between the issuance of the warrant for violation of parole on November 10, 1982 and the execution of the warrant on August 17, 1984.
 
 
 16
 As long as the warrant was issued during the maximum term for which the violator was sentenced, it may be executed after that period. Cf. Watson v. Neff, 383 F.2d 397 (5th Cir.1967) (decided under 18 U.S.C. Sec. 4205, the predecessor to section 4213(b)); Smith v. Blackwell, 367 F.2d 539 (5th Cir.1966) (same). Thus, we see no merit in Mitchell's argument.
 
 III.
 
 17
 Accordingly, the judgment of the District Court dismissing Mitchell's petition for writ of habeas corpus is AFFIRMED.